UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VANDYKE JOHNSON,<br><br>                              Plaintiff,<br><br>-against-<br><br>PAUL J. SCHUCHERT, CHIEF ADMINISTRATIVE<br>OFFICER-ASSOCIATE DEAN FOR COLUMBIA<br>UNIVERSITY, et al.,<br><br>                              Defendants. | 22-CV-3787 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17; 42 U.S.C. § 1981; the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297; and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131. He alleges that Defendants discriminated and retaliated against him because of his race and color.

By order dated June 23, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against Paul J. Schuchert, Chief Administrative Officer and Associate Dean at Columbia University Graduate School of Journalism; Juan Alberto Hernandez, Building Operations Manager at Columbia University Graduate School of Journalism; and Rene Casiano, Office Assistant at Columbia University Business School and the Shop Steward for U.A.W. Local 2110. Plaintiff asserts that Defendants subjected him to unlawful employment and

labor practices, including discriminatory treatment and retaliation for his complaining to a union in which he wanted membership. He seeks injunctive relief and monetary damages.

The following assertions are taken from the complaint. In June 2021, Plaintiff, who is black, responded to an advertisement by the Phyton Talent Agency ("Phyton") for a temporary building assistant position at the Graduate School of Journalism. He was hired as a temporary building assistant in training to be a building coordinator by Scott Osbourne, the Building Manager, and Thaddeus Craddock, the Senior Building Coordinator, for the period from June 13, 2021 to November 19, 2021. Plaintiff had a good rapport with Osbourne and Craddock, who "made [him] feel part of the team." (ECF 1 ¶ 21.)

In August 2021, Osbourne retired and Plaintiff met with Defendant Schuchert, who informed him that the university would first hire a new manager before Plaintiff could be considered for a permanent position of building coordinator. Because he felt that he "could not trust Defendant Schuchert," Plaintiff started a search for another position on campus. (*Id*. ¶ 25.)

Plaintiff also sought information from Craddock, who is black, about his rights as a temporary employee, and Craddock referred him to U.A.W. Local 2110. Plaintiff contacted the union;  Maida Rosenstein, the union President, informed him that the university could keep him as a temporary employee for up to four months if he was assigned to a special project. Plaintiff then informed the union that he was there to replace a recently deceased worker who had the position of building coordinator. Rosenstein suggested that he wait until the four months concluded before contacting the union again. Rosenstein later informed Plaintiff by email that Defendant Schuchert intended to post the building coordinator position and that he had promised the new manager that he could "bring his own people." (*Id*. ¶ 32.)

About four months later, on October 15, 2021, Plaintiff contacted Rosenstein by email. She then asked Plaintiff if he was filling in for someone on leave of absence, to which Plaintiff responded in the negative. Rosenstein copied Defendant Casiano on the email, and later that day Plaintiff met with Defendant Casiano. At the meeting, Defendant Casiano insisted that Plaintiff was temporarily replacing an employee on leave, which Plaintiff denied. Plaintiff provided contact information of individuals who were aware of his employment status, but Defendant Casiano did nothing.

Two weeks later, Plaintiff had a Zoom meeting with Defendant Casiano and other union representatives, but they were more concerned about the rights of a David Miller – who apparently was on a leave of absence − than investigating Plaintiff's claims. When Plaintiff told the union officials to "do their job," they told him that he would lose his job if they were to investigate his claims. (*Id*. ¶ 38.) The union refused to contact witnesses or file a grievance on Plaintiff's behalf. Plaintiff then contacted Rosenstein to inform her that the meeting with the union representatives was a failure.

After interviewing multiple candidates, Defendant Schuchert hired Defendant Hernandez from Fordham University Facilities Department as building manager. Although Defendant Schuchert had interviewed black and women candidates, he did not want to pay them the same six figure salary as he had Osborn, a white male. Defendant Schuchert, who was "[d]esperate and embarrassed" by the lack of candidates for the job at a lower pay, settled for Defendant Hernandez, who was of Latino descent and "had little or no experience running an entire building." (*Id*. ¶ 44.)

Defendant Hernandez was immediately "more of a disruptive force of nature than [a] competent [m]anager." (*Id*. ¶ 45.) On the same day of the Zoom meeting with the union

representatives, Plaintiff met with Defendant Hernandez for a job interview for the position of building coordinator. Plaintiff recorded the interview, which included a conversation of Defendant Hernandez asking Plaintiff about the building and protocol. Defendant Hernandez was confused about how things were done at Columbia. Plaintiff reported the conversation to Defendant Schuchert. Two days later, on October 29, 2021, Defendant Schuchert approached Plaintiff and angrily inquired whether he had told Defendant Hernandez that Defendant Schuchert had promised him the building coordinator job. Plaintiff stated that "it wasn't true," to which Defendant Schuchert responded, "Good because if you were to say that you would be out of the running for Building Coordinator." (*Id*. ¶¶ 51-52.) Plaintiff, who was "[e]mbarassed and angry," went to HR and filed a verbal complaint and played a portion of the recorded interview to show that Defendant Hernandez had "deliberately lied" to Defendant Schuchert. (*Id*. ¶¶ 53-54.) Plaintiff later learned from Craddock that Defendant Hernandez "was spreading false rumors" that Plaintiff had purposely left a colleague stuck in an elevator without finding help. (*Id*. ¶ 57.)

Despite assurances from faculty and staff of the university that Plaintiff was a "shoo-in for the job," Defendants Schuchert and Hernandez had no intention of hiring Plaintiff for the permanent building coordinator position. (*Id*. ¶ 58.) After Plaintiff reported the October 29, 2021, incident to HR, Defendants' "attitude changed," with Defendant Schuchert now allowing Defendant Hernandez "to do what he wanted to do at the job" and turning a "deaf ear" when Defendant Hernandez broke the university's protocols or rules. (*Id*. ¶¶ 59-60.) Over the course of three weeks, Defendant Hernandez, sometimes with Craddock, interviewed 25 different candidates for the position of building coordinator, including some of his friends who were

Latino. He did not inform HR or Craddock of these relationships and when Defendant Schuchert was made aware of these "possible ethic violation[s]," he did nothing. (*Id*. ¶ 62.)

On or about November 12, 2021, Plaintiff was informed that he did not get the building coordinator position. When he informed Defendant Hernandez and Craddock of the decision, Defendant Hernandez stated, "I didn't know that HR informed you. You weren't supposed to know about that information. I guess they do it differently here at Columbia University." (*Id*. ¶ 65) (internal quotation marks omitted). When Defendant Schuchert came down, he mentioned to Plaintiff, "I heard you talked to the Union officials," and then said that his "hands were tied" because the union had complained that Plaintiff was holding to a position longer than anticipated, as Plaintiff had been employed in the temporary position for over five months. (*Id*. ¶ 66.) Plaintiff was then given a week's notice of termination.

Plaintiff was not given any other interviews or job offers at Columbia University. His previous "professional warm relationship with fellow staff members was suddenly chilled." (*Id*. ¶ 68.) He was "officially black balled by Columbia University." (*Id*.)

Around the same time, Defendant Hernandez attempted to change Craddock's senior status in favor of incoming employee Juan Riviera, who was Latino and a friend of Defendant Casiano. This was proof of "Defendant Hernandez['s] racism and prejudice towards black workers." (*Id*. ¶ 70.)

Plaintiff indicates that Defendants have reposted the position he held through the temp agency LPX, the parent company of Phyton, despite previously informing Plaintiff that they expected David Miller to be back from his leave of absence. Plaintiff suggests that his meant that Defendants were not truthful and only used Miller's leave of absence as an excuse to get rid of

Plaintiff. They had no intention of making Plaintiff a permanent employee, or a union member, or providing him educational opportunities at Columbia University.

Plaintiff brings this complaint asserting that Defendants Hernandez and Schuchert, with the help of Defendant Casiano, subjected him to discrimination and retaliation because of his race and color. In particular, they discriminated and retaliated against him "for his protected complaints" (*id* at ¶ 74); and terminated his employment "under the guise that the Union was complaining about the position being held by [] Plaintiff for too long and a more 'qualified' person was filling the [b]uilding [c]oordinator position" (*id*. ¶ 75). Plaintiff seeks permanent employment with Columbia University and monetary damages. He also asserts that he has filed a charge of discrimination with the United States Equal Employment and Opportunity commission ("EEOC"), and is waiting on an interview slot.[1]

## DISCUSSION

### A.    Claims under Title VII

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Title VII also prohibits an employer from retaliating against an employee who has opposed any practice made unlawful by those statutes, or who has made a charge, testified,

---

[1] Plaintiff also asserts that before filing this complaint, he filed a labor charge against the U.A.W. Local 2110, for its failure to investigate his claims and represent him in a grievance. (ECF 1¶ 4.) He claims that the charge is currently pending in the United States Court of Appeals for the Second Circuit. *See Johnson v. UAW Local 2110*, No. 22-332 (2d Cir. filed Feb. 15, 2022).

assisted, or participated in any manner in an investigation, proceeding, or litigation under the statutes. 42 U.S.C. § 2000e-3(a).

These antidiscrimination provisions prohibit employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by that statute, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under Title VII. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

### 1.    Proper defendants

Plaintiff cannot bring Title VII claims against Defendants Schuchert, Hernandez, and Casiano. Title VII only provides for the liability of an employer and other covered entities, such as an employment agency, labor organization, or joint labor-management committee. *See* 42 U.S.C. § 2000e– 2. The only proper defendant for an action under Title VII is a plaintiff's employer or other entities covered by the statute.[2] *See Chibuzor v. Corwin*, No. 20-CV-9643, 2020 WL 6905304, at *2 (S.D.N.Y. Nov. 23, 2020); *Mira v. Kingston*, 218 F. Supp. 3d 229, 235 (S.D.N.Y. 2016). Individuals are not subject to liability under Title VII. *See Wrighten v. Glowski*,

---

[2]At this time, the Court does not delve into whether Plaintiff's employment as a temporary employee through Phyton's involvement implicates the "joint employer doctrine." Under the "'joint employer doctrine,' an employee may assert Title VII liability against a 'constructive employer' – an entity that shares in controlling the terms and conditions of a plaintiff's employment." Felder v. U.S. Tennis Ass'n, 27 F.4th 834, 838 (2d Cir. 2022) (citing *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005)). The doctrine generally applies "where the plaintiff's employment is subcontracted by one employer to another, formally distinct, entity." *Gulino v. New York State Educ. Dep't*, 460 F.3d 361, 378 (2d Cir. 2006).

232 F.3d 119, 120 (2d Cir. 2000); *see also Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995) ("[I]ndividual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII."), *abrogated on other grounds by Burlington Ind. v. Ellerth*, 524 U.S. 742, 118 S. Ct. 2257 (1998).

The Court must dismiss Plaintiff's Title VII claims against Defendants Schuchert, Hernandez, and Casiano, as they are not subject to liability under Title VII. The Court, however, grants Plaintiff leave to file an amended complaint in which he names the proper defendant or defendants for his claims. If Plaintiff asserts claims under Title VII in his amended complaint, he must name his employer as a defendant.[3] He must also "plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). Plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

### 2.    Exhaustion of administrative remedies

Plaintiff asserts that he filed a charge of discrimination with the EEOC and is waiting for an interview slot. Before filing suit under Title VII, a plaintiff must first file a timely charge with the EEOC or appropriate state or local agency, and obtain a Notice of Right to Sue from the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1). A plaintiff must commence a civil action within 90 days

---

[3] Although Title VII does not provide for individual liability, an individual "who actually participates in the conduct giving rise to the discrimination claim may be held personally liable" under the New York State Human Rights Law. *Tomka*, 66 F.3d at 1317; *Feingold v. New York*, 366 F.3d 138, 158 n.19 (2d Cir. 2004).

of receipt of notice of dismissal or termination of proceedings by the EEOC. *See id*. § 2000e-5(f)(1); *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 (1984).

The exhaustion of these administrative remedies is not, however, a jurisdictional requirement, but rather, like a statute of limitations, subject to waiver, estoppel, and equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1846 ("Title VII's charge-filing instruction is not jurisdictional. . . ."); *Hardaway v. Hartford Public Works Dep't*, 879 F.3d 486, 491 (2d Cir. 2018) ("[T]he burden of pleading and proving Title VII exhaustion lies with defendants and operates as an affirmative defense.").

If Plaintiff has now exhausted his administrative remedies with the EEOC, he should complete the relevant section on the court's amended complaint form, which includes questions addressing administrative remedy exhaustion.

## B.    Claim under Section 1981

Plaintiff also invokes 42 U.S.C. § 1981 as a basis for his claims. Section 1981 "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald,* 546 U.S. 470, 474 (2006) (quoting 42 U.S.C. § 1981(a)). The statute "sets forth a remedy for employment discrimination that is independent of Title VII.[4]" *Ofori-Tenkorang v. Am. Int'l Grp., Inc.*, 460 F.3d 296, 300 (2d Cir. 2006). A plaintiff bringing a Section 1981 claim for employment discrimination must

---

[4] Unlike under Title VII, individuals and other entities may be held liable for employment discrimination under Section 1981, *see Patterson v. Cnty. of Oneida*, 375 F.3d 206, 226, 229 (2d Cir. 2004), and there is no administrative-exhaustion requirement, *see Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 465-66 (1975). "An individual may be held liable under [Section] 1981. . . if that individual is 'personally involved in the alleged deprivation.'" *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) (internal quotation marks and citation omitted).

plausibly allege sufficient facts to demonstrate that: (1) he is a member of a protected class, (2)

he was qualified for his position, (3) he suffered an adverse employment action, and (4) the

adverse action took place under circumstances giving rise to the inference of discrimination. *Ruiz*

*v. Cnty of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010). "[A] plaintiff must . . . plead . . . that, but

for race, [the plaintiff] would not have suffered the loss of a legally protected right." *Comcast*

*Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020).

Plaintiff asserts that Defendants subjected him to race-based discrimination by not hiring

him for a permanent position and "black balling" him for other employment opportunities within

Columbia University, and retaliated against him for filing protected grievances with the union.

Plaintiff fails, however, to provide non-conclusory allegations that plausibly suggest that his race

or color was a "but-for" cause for Defendants' actions. Plaintiff does not point any specific

racially discriminatory conduct by Defendants Schuchert, Hernandez, Casiano, or anyone

involved in the decision not to hire him for a permanent position at Columbia. Indeed, Plaintiff's

assertions of race-based discrimination and retaliation are not supported by specific facts, and

cannot support an inference that race was the "but for" cause for not hiring Plaintiff for a

permanent position or any other employment decision at Columbia University. The Court cannot

"rely on the fallacy that because [he] belongs to a protected class, it is plausible that anything

negative that happened to [him] at work was because of [his] membership in that class." *Watkins*

*v. First Student, Inc.*, No. 17-CV-1519 (CS), 2018 WL 1135480, at *15 (S.D.N.Y. Feb. 28, 2018)

(collecting cases).

## C.    Denial of Pro Bono Counsel

Plaintiff also submits a request for *pro bono* counsel. The factors to be considered in

ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's

efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if

unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid claims under Title VII and Section 1981, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims against his employer and any other defendants.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-3787 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's application for *pro bono* counsel is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 26, 2022
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

Write the full name of each defendant. The names listed
above must be identical to those contained in Section I.

_____CV_____

(Include case number if one has been
assigned)

Do you want a jury trial?

☐ Yes      ☐ No

# AMENDED

# EMPLOYMENT DISCRIMINATION COMPLAINT

| NOTICE |
|---|
| The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2. |

Rev. 3/24/17

## I.    PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

First Name                          Middle Initial          Last Name

Street Address

County, City                                        State                        Zip Code

Telephone Number                              Email Address (if available)

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

Name

Address where defendant may be served

County, City                              State                    Zip Code

Defendant 2:

Name

Address where defendant may be served

County, City                              State                    Zip Code

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City                    State              Zip Code

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
Name

_____
Address

_____
County, City                    State              Zip Code

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐  **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐  race: _____

☐  color: _____

☐  religion: _____

☐  sex: _____

☐  national origin: _____

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B.   Other Claims

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

## IV.   STATEMENT OF CLAIM

### A.   Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐   did not hire me

☐   terminated my employment

☐   did not promote me

☐   did not accommodate my disability

☐   provided me with terms and conditions of employment different from those of similar employees

☐   retaliated against me

☐   harassed me or created a hostile work environment

☐   other (specify): _____

_____

### B.   Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____

_____

_____

_____

_____

_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.     ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐   Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge?   _____

☐   No

Have you received a Notice of Right to Sue from the EEOC?

☐   Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice?   _____

When did you receive the Notice?   _____

☐   No

## VI.   RELIEF

The relief I want the court to order is (check only those that apply):

☐   direct the defendant to hire me

☐   direct the defendant to re-employ me

☐   direct the defendant to promote me

☐   direct the defendant to reasonably accommodate my religion

☐   direct the defendant to reasonably accommodate my disability

☐   direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are
supported by existing law or by a nonfrivolous argument to change existing law; (3) the
factual contentions have evidentiary support or, if specifically so identified, will likely
have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Federal
Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I
understand that my failure to keep a current address on file with the Clerk's Office may
result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to
proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |
| First Name          Middle Initial | Last Name |
| Street Address | |
| County, City          State | Zip Code |
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your
complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)

_____
Address               City              State              Zip Code

_____
Telephone Number              E-mail Address

_____
Date              Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007